*Margin note:* FRANKLIN, January, 1841.

Hill
v.
Hogaboom.

---

### DANIEL W. HILL v. WM. R. HOGABOOM.

It is no objection to the report of an auditor that he did not append to his report the account of a party against whom he reported, unless it appear, affirmatively, that such account was presented before him at the hearing.

The county court may receive affidavits, taken *ex parte,* to show that an account was, or was not, presented before an auditor, to determine whether a report should be accepted or recommitted.

THIS was an action of book account. Judgment to account

having been rendered in the county court, an auditor was appointed, who afterwards reported that he notified the defendant of the time and place of hearing, who did attend, and "on the fifth day of February, 1840, examined and adjusted the book accounts of the plaintiff and defendant, from which he finds a balance of six dollars due to the plaintiff." The auditor appended to his report the account of the plaintiff, which amounted to $42,90. The defendant relied upon the omission of the auditor to accompany his report with a copy of the defendant's account. To prove that the defendant did not present any account before the auditor, the plaintiff read in evidence several affidavits, taken *ex parte*, tending to prove that fact, to which the defendant objected. But the county court overruled the objection, admitted the affidavits, accepted the report of the auditor, and rendered a judgment thereon for the plaintiff; to which decision and judgment the defendant excepted.

*H. R. & J. J. Beardsley*, for defendant.

1. The report of the auditor shows that both plaintiff and defendant presented their respective accounts before the auditor; that he examined and adjusted them, and did not append the account of the defendant to the report.

Such being the facts that appear from the report, the defendant contends that no extrinsic evidence should be received to alter, vary or explain the report itself.

The acceptance of a report of an auditor is not matter of discretion with the courts, to whom the report is made, and they cannot patch up the auditor's doings, or correct his errors, without, at least, recommitting the matter to his hands. It has long been the settled practice, imperative upon the auditor, to append the accounts of the parties to the report, and neglecting to do this, has always been deemed a good cause for setting it aside. *Read* v. *Barlow*, 1 Aik. R. 147.

2. If, however, extrinsic testimony is admissible to alter, vary or explain an auditor's report, the defendant contends he ought to have an opportunity to introduce rebutting proof, and be notified of the time and place of the taking of his adversary's testimony, so that he may cross-examine his wit-

nesses and be apprized of what rebutting testimony his case requires.

L. H. *Nutting*, for plaintiff, contended that the affidavits were properly admitted, by the county court, to show that the defendant did not present an account before the auditor, and cited *Sargeant* v. *Pettibone*, 1 Aik. R. 355. He further contended that, as the account of the plaintiff, accompanying the report, was the only one presented before the auditor, and, as the parties were heard and the trial had upon that account, there was no impropriety in calling that account " the accounts of the plaintiff and defendant." The parties themselves so treated the account, and so might the auditor.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—There is but one exception to the report of the auditor, and that is, that he has not appended to his report the account of the defendant. To sustain this exception, it should appear, affirmatively, that the defendant presented an account, which was adjudicated by the auditor, and not returned by him. As the auditor has returned the account of the plaintiff, and has returned none of the defendant, the obvious inference would be that no such account was presented. The exception, therefore, could not prevail, if no affidavits had been produced. It seems, however, that the county court, out of abundant caution, admitted certain affidavits, taken *ex parte*, to show that, in fact, no such account was presented. In the administration of justice, such affidavits are frequently admitted, to bring facts to the notice of the court, as in motions for a continuance, and for a new trial. The other party usually has the right to produce counter affidavits, and no injury can arise, as the court will take care that no unfair advantage is had. We can see no objection to the admission of such affidavits, if it becomes necessary in a case like the present. If, from affidavits, it had appeared that the auditor had omitted to do what he was required to do, the report might have been recommitted for amendment. But, when it appeared that the auditor accompanied his report with the only account presented before him, on the trial, nothing further could have been required

*Margin:* FRANKLIN, January, 1841.

Hill v. Hogaboom.

of him. The affidavits were unnecessary, and whether it was a case proper to receive them, or not, is of no importance.

The judgment of the county court is affirmed.